948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony CASTELLANO, Petitioner,
v.
COMMODITY FUTURES TRADING COMMISSION, Respondent.
 No. 90-2298.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 29, 1991.*
Decided Nov. 20, 1991.
 
 Before CUMMINGS, CUDAHY, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Anthony Castellano, a floor broker at the Chicago Mercantile Exchange, petitions for review of an order of the Commodity Futures Trading Commission summarily affirming an administrative law judge's initial decision to revoke his registration pursuant to sections 8a(3) and 8a(4) of the Commodity Exchange Act (CEA), 7 U.S.C. §§ 12a(3) and 12a(4). Finding no abuse of discretion in the revocation of Castellano's floor broker's registration, we affirm. See Flaxman v. CFTC, 697 F.2d 782, 789 (7th Cir.1983).
 
 
 2
 Castellano first contends that the Commission's Division of Enforcement failed to make out a prima facie case of his unfitness for registration. See Silverman v. CFTC, 562 F.2d 432, 438 (7th Cir.1977). We disagree. Castellano's three prearranged trading charges, plus his violation of a Commission regulation, reflected an "act or pattern" of conduct demonstrating an "inability to deal fairly with the public," and constituted "good cause" for the revocation of his registration under section 8a(3)(M) of the CEA. See In re Anderson, [1986-1987 Transfer Binder] Comm.Fut.L.Rep. (CCH) p 23,085 at 32,207-08 (CFTC 1986). Furthermore, the denial of Castellano's application for membership on the MidAmerican Commodity Exchange triggered section 8a(3)(J) of the CEA and supplied an additional ground for the revocation of his registration. Based on these statutory disqualifications, the ALJ properly concluded that the Division met its burden of proving Castellano's unfitness for registration as a floor broker.
 
 
 3
 Castellano next contends that he presented sufficient evidence of rehabilitation and mitigation to outweigh the prima facie case established by the Division. See Flaxman, 697 F.2d at 788; Silverman, 562 F.2d at 438; In re Akar, [1986-1987 Transfer Binder] Comm.Fut.L.Rep. (CCH) p 22,927 at 31,708 (CFTC 1986); In re Tipton, [1977-1980 Transfer Binder] Comm.Fut.L.Rep. (CCH) p 20, 673 at 22,750 (CFTC 1978). We again disagree. The ALJ thoroughly reviewed this evidence, found it unpersuasive, and concluded that Castellano failed to rebut the Division's prima facie case. We find no error in this conclusion.
 
 
 4
 Castellano finally contends that the revocation proceeding against him was corrupt, but he offers no particulars and never mentioned this before, so the matter is waived on appeal. See Myron v. Chicoine, 678 F.2d 727, 731-32 (7th Cir.1982).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might field a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Castellano has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record